UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KIRVIL RYAN,

                Plaintiff,

    - against -

LOWE'S COMPANIES, INC.,

                Defendant.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-4659 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

    On August 7, 2017, plaintiff Kirvil Ryan, proceeding *pro se*, filed this action against his former employer, Lowe's Companies, Inc. ("Lowe's"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* The complaint described how Ryan had been "refused the rights to attend [his] son['s] graduation" and to take time off in various circumstances, but alleged no facts linking any adverse employment action to Ryan's race, national origin, age, or other protected characteristic. (Compl. (Doc. No. 1) at 5.) In an Order entered on April 1, 2019, the Court, acting *sua sponte*, granted Ryan's application to proceed *in forma pauperis*, but dismissed his complaint with leave to file an amended complaint within 30 days. (Order of 4/1/2019 (Doc. No. 4).) The Court held that Ryan failed to state a Title VII or ADEA claim because he did not allege "facts that could possibly connect or link any adverse action to a protected status." (*Id.* at 3.) The Court expressly directed Ryan to "plead facts in support of his claim." (*Id.* at 4.)

    On May 31, 2019, Ryan filed his amended complaint. (Am. Compl. (Doc. No. 7).) The amended pleading alleges only a Title VII claim – Ryan no longer alleges age discrimination. (*Id.* at 3.) Ryan alleges that his assistant store manager Javier "does not like [him]," and that he

was "fired [be]cause [he] always go[es] away on vacation for long period[s] of time." (*Id.* at 6, 8.) Even liberally interpreted, Ryan's amended complaint provides no facts that could connect or link any adverse action to a protected status, nor does it provide any facts that would suggest an inference of discriminatory motivation. Instead, Ryan's allegations suggest workplace issues unrelated to any protected status. "It is axiomatic that mistreatment at work ... is actionable under Title VII only when it occurs because of an employee's ... protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). Thus, Ryan's amended complaint, as with his original complaint, fails to allege facts in support of his discrimination claim, and thus fails to a state a claim under Title VII. Accordingly, Ryan's amended complaint is dismissed.

The Second Circuit has instructed that a Court should not dismiss a *pro se* litigant's action "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Ryan was already given an opportunity to plead facts sufficient to state a claim, but proved unable to do so. The Court therefore concludes that any further opportunity to amend would be futile and leave to file a second amended complaint is denied. *See Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (explaining that leave to amend "may be denied when amendment would be futile").

## CONCLUSION

For the foregoing reasons, Ryan's amended complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in favor of the defendant, to mail a copy of this Order and the judgment to the *pro se* plaintiff, to note the mailing on the docket, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
Nov 22 2019

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge